UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GINA CHOATE,

                Plaintiff,

vs.                                                 Case No. 3:09-cv-1253-J-12MCR

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on December 29, 2006 alleging she became disabled on February 25, 2005. (Tr. 97-103). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (Tr. 69-74, 78-82). Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on September 10, 2008. (Tr. 21-38). On June 1, 2009, the ALJ issued a decision finding Plaintiff was not disabled. (Tr. 10-20). Plaintiff requested

---

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 7).

review of the ALJ's decision, which the Appeals Council denied, thus making the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Plaintiff timely filed her Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  Basis of Claimed Disability

Plaintiff claims that she is disabled due to Hepatitis C, bipolar disorder, and back pain. (Tr. 28-31).

### B.  Summary of Evidence Before the ALJ

Plaintiff was thirty-nine years old at the time of the ALJ's decision. (Tr. 323). She has a high school education, having obtained a GED. (Tr. 25). Plaintiff has past relevant work experience as a housekeeping cleaner, mortgage loan processor, cashier-checker, administrative clerk, and accounting clerk. (Tr. 35-36). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.[2]

On June 8, 2005, Plaintiff reported to her primary care physician, Dr. E.P. Secunda, M.D., that she was taking anti-depressants. (Tr. 218). On December 1, 2006, Plaintiff received mental health treatment from Risa S. Doria, A.R.N.P. At that time, Plaintiff was diagnosed with bipolar disorder without psychotic features. Ms. Doria determined that Plaintiff's thoughts were lucid, coherent, goal directed and organized. Ms. Doria also noted that Plaintiff's sensorium was clear and she was oriented to

---

[2] The Court will focus on the medical records pertaining to Plaintiff's mental health as they are primarily at issue here. See (Doc. 12).

person, place, time and situation. Cognitively, Plaintiff was attentive and had adequate concentration during the interview. (Tr. 194, 196-97).

On December 15, 2006, Plaintiff reported she had been "feeling better" until she was diagnosed with Hepatitis C, but her medications were helpful. At that time, Ms. Doria noted no evidence of dyskinesia, psychomotor agitation, or psychomotor retardation. Ms. Doria further noted that Plaintiff demonstrated no new gross psychopathological manifestations of her mental status. (Tr. 192).

According to the record, Plaintiff did not seek further mental health counseling until December 4, 2008. At that time, Plaintiff reported that she did "not really feel better." However, Ms. Doria's mental status evaluation remained relatively unchanged from her December 15, 2006 examination. Again, there was no evidence of psychosis or dyskinesia, and no new gross psychopathological manifestation of Plaintiff's mental status. (Tr. 329).

On February 13, 2007, Dr. Alberto de la Torre, filled out a treating source mental health report.[3] Dr. de la Torre noted that Plaintiff's concentration was fair and her orientation was intact. (Tr. 221-22). Dr. de la Torre opined that because of Plaintiff's "mood liability" and recent diagnosis of Hepatitis C, she could not sustain work activity for an eight hour day, five days a week. (Tr. 219-22).

---

[3] The record demonstrates that Dr. de la Torre examined Plaintiff on one occasion. (Tr. 219-22). Therefore, he is not a treating source. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987).

On February 19, 2007, state agency consultant, Dr. Angeles Alvarez-Mullin, M.D., completed a Mental Residual Functional Capacity Assessment, in which he opined that Plaintiff was moderately limited in the following areas:

> [A]bility to understand and remember detailed instructions, ability to carry out detailed instructions, ability to maintain attention and concentration for extended periods, ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and ability to set realistic goals or make plans independently of others.

Additionally, Dr. Alvarez-Mullin opined that Plaintiff could follow simple instructions and would be able to maintain a work routine without requiring special supervision. Dr. Sandrik, Psy.D., noted the same limitations and agreed that Plaintiff appeared capable of completing simple, routine tasks and her social interactions were appropriate. (Tr. 223-25, 271).

On December 18, 2008, Plaintiff was seen by consultative examiner, Lynda Walls, Ph.D., who opined that Plaintiff suffered from work limitations due to her mental impairments. (Tr. 311). At that time, Plaintiff's posture and motor behavior was normal, her eye contact was appropriately focused, and her speech and language skills were adequate. Plaintiff understood and recalled basic instructions and her style of responding was deliberate, orderly, and selfcorrecting. Dr. Walls observed that Plaintiff's attention and concentration were within normal limits. (Tr. 310-17).

### C.     Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(a)(2)(ii). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(a)(2)(iii). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(a)(2)(iv). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 15). At step two, the ALJ found Plaintiff had the following severe impairments: hepatitis C and degenerative disc disease. (Tr. 15). At step three, the ALJ determined Plaintiff did not have an

impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of the Regulation No. 4.  (Tr. 15-16).  At step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC")[4] to perform a "less than light work."[5]  Specifically, Plaintiff can never:

> [P]erform tasks which involve a ladder, rope, or scaffolds. Additionally, [Plaintiff] must avoid concentrated exposure to hazards such as machinery and heights.

(Tr. 17-19).

At the September 10, 2008 hearing, the ALJ utilized the testimony of a vocational expert (the "VE").  The ALJ posed hypothetical questions to the VE that included Plaintiff's symptoms and their resulting limitations.  Based on the hypothetical questions posed, the ALJ asked the VE whether a person with Plaintiff's limitations would be able to perform Plaintiff's past relevant employment.  The VE testified the hypothetical individual would be able to perform Plaintiff's past relevant employment. (Doc. 19-20).  Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act.  (Tr. 20).

---

[4]The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations.  20 C.F.R. §§ 404.1545, 416.945.  The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[5]The ALJ's RFC determination is for a restricted range of light work.  20 C.F.R. §§ 404.1567(b); 416.927(b).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." Id.

**III.   ANALYSIS**

    **A.   The Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B.      Issues on Appeal

Plaintiff raises the following three issues on appeal: (1) whether the ALJ's RFC finding and the hypothetical posed to the VE are supported by substantial evidence (Doc. 12, pp. 10-16); (2) whether the ALJ properly discounted the opinions of consultative psychologist, Dr. Walls (Doc. 12, pp. 17-20); and (3) whether the state agency physicians' opinions are consistent with the ALJ's RFC findings (Doc. 12, pp. 21-23).  The Court will address each of these issues.

### 1.      Whether the ALJ's RFC finding and the hypothetical posed to the VE are supported by substantial evidence.

Plaintiff contends the ALJ's RFC finding and hypothetical posed to the VE are not supported by substantial evidence because the ALJ failed to include the limitations caused by Plaintiff's mental impairments.  (Doc. 12, pp. 10-16).  In considering an individual with a mental impairment, the ALJ is required to use the "'special technique' dictated by the [Psychiatric Review Technique Form] for evaluating mental impairments." Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005) (citing 20 C.F.R. § 404.1520a-(a)).  This technique requires separate evaluations on a four-point scale of how the individual's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." Id. (quoting 20 C.F.R. § 404.1520a-(c)(3-4)).  The ALJ is required to complete a PRTF and append it to the decision or incorporate the results of this technique into the findings and conclusions of his decision.  Id. at 1214.  Failure to do so requires remand.  Id.

Here, the ALJ completed a PRTF. However, Plaintiff argues the ALJ failed to apply the limitations noted in the PRTF to Plaintiff's ultimate RFC and the hypothetical posed to the VE. (Doc. 12, pp. 10-16). In response, the Commissioner contends that the ALJ properly conducted a detailed analysis of the four categories listed in Plaintiff's PRTF when formulating his RFC finding and accounted for Plaintiff's purported deficiencies in maintaining concentration, persistence, and pace in determining Plaintiff could perform her past relevant work (Tr. 17-19). Moreover, the Commissioner asserts that the ALJ specifically accounted for all Plaintiff's PRTF limitations in his hypothetical to the VE (Tr. 36-37).

In <u>Winschel v. Comm'r of Soc. Sec.</u>, __ F.3d __, No. 10-10620, 2011 WL 198372, at *4 (11th Cir. Jan. 24, 2011), the ALJ determined the claimant had moderate limitations in maintaining concentration, persistence, and pace. <u>See</u> <u>Winschel</u>, 2011 WL 198372, at *4. The court found that because the ALJ did not specifically account for those limitations in his hypothetical question posed to the vocational expert, remand was necessary. <u>See</u> <u>id.</u> The court held the ALJ could have sufficiently accounted for the limitations assessed in the PRTF by either: (1) discussing any medical evidence showing that the claimant could nevertheless perform the abilities described in the RFC assessment; or (2) account for the difficulties in the hypothetical question. <u>See</u> <u>id.</u> at *4.

Here, in contrast to the ALJ in <u>Winschel,</u> in one of the hypotheticals to the VE, the ALJ specifically asked the VE to assess the impact of Plaintiff's mental limitations as set out in the PRTF findings (Tr. 36-37). Specifically, the ALJ asked:

> There are also some mental limitations that have come out
> in the proceedings. Let's assume first that in addition to the

-9-

> same physical limitations we have the following mental
> limitations. So far as activities of daily living are concerned,
> the limitations are mild; social functioning moderate;
> concentration, persistence and pace moderate,
> decompensation, none. Would that cause limitations in any
> of the jobs that could be done on the basis of the physical
> criteria alone?

(Tr. 36-37).  In response, the VE stated:

> Well, using the definition of moderate as limited but
> satisfactory, that would have no impact on the jobs.

(Id.).  See Winschel, 2011 WL 198372, at *4; see also Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (finding reversible error because the ALJ included all the plaintiff's limitations in the hypothetical to the VE).  Even assuming, *arguendo,* that the ALJ did not properly include Plaintiff's limitations as set forth in her PRTF in her RFC, the ALJ did not err because he specifically included the PRTF findings in the hypothetical posed to the VE (Tr. 36-37).

Further, in accordance with Winschel, the ALJ discussed the medical evidence that showed Plaintiff's ability to work was not affected by the limitations assessed by the ALJ in his PRTF (Tr. 17-19).  Specifically, in assessing Plaintiff's RFC finding, the ALJ noted that Plaintiff received relatively routine and conservative mental health treatment and a treating source found Plaintiff's thoughts and speech were lucid, coherent, goal-directed and organized, and there was no evidence of perceptual disturbance (Tr. 17).  The ALJ further noted that the treating source reported Plaintiff was adequately dressed, fairly groomed, spoke in an organized manner and conveyed ideas which were hopeful and realistic (Tr. 17).  The ALJ similarly noted one of Plaintiff's treating physicians and a consultative psychologist independently reported Plaintiff could

maintain a simply daily routine for herself and had fair concentration, and could maintain attention and concentration for tasks (Tr. 18). Furthermore, Plaintiff testified that she can maintain social friendships, a good relationship with her parents and travel out of the house in order to shop (Tr. 18). Therefore, the Court finds that the ALJ satisfied the requirements set forth in Winschel, when he discussed medical evidence demonstrating that Plaintiff could perform the abilities described in the RFC assessment. See Winschel, 2011 WL 198372, at *4.

### 2. Whether the ALJ properly discounted the opinions of consultative psychologist, Dr. Walls.

Plaintiff argues the ALJ did not properly evaluate and state the weight provided to the opinion evidence offered by mental consultative examiner, Dr. Walls. (Doc. 12, pp. 17-21). The weight afforded a medical source's opinion depends upon the medical source's examining and treating relationship with the plaintiff, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. 20 C.F.R. §§ 404.1527(d); 416.927(d); SSR 96-2p.

Here, Dr. Walls opined Plaintiff experienced limitations from her mental impairments that would adversely affect her ability to meet the demands of any work activity on an 8 hour a day, 5 day a week basis. Specifically, Dr. Walls opined that Plaintiff:

- would not be expected to regularly attend a routine and maintain a schedule without more than ordinary supervision due to her lowered ability to use information in a practical manner;

- is significantly depressed;

- appears to be having many difficulties making appropriate decisions other than ones which are very simple well learned ones;

- appears to be having many difficulties learning new tasks; and

- appears to be having difficulties dealing with stress.

(Tr. 313-14). The ALJ discounted these opinions as inconsistent with Dr. Walls' own treatment records as well as the evidence as a whole. (Tr. 18).

With regard to Dr. Walls' own records, Dr. Walls indicated Plaintiff was "appropriately dressed and had good hygiene." (Tr. 311). She also noted that Plaintiff's eye contact was appropriately focused, with adequate speech and language skills. Plaintiff understood and recalled the basics of instructions and her style of responding was deliberate, orderly, and self-correcting. Dr. Walls further observed that Plaintiff's attention and concentration was within normal limits. (Id.).

With regard to the other medical evidence of record, in December 2006, Plaintiff's mental examination performed by Ms. Doria demonstrated that Plaintiff could dress and groom herself adequately, she was cognitively intact, and her thoughts were lucid, coherent, goal directed, and organized. Additionally, Plaintiff's language skills were adequate and her bipolar disorder had improved. (Tr. 192, 196). Plaintiff did not receive further mental health counseling until nearly two years later. (Tr. 329). At that time, Plaintiff's condition remained relatively unchanged as there was no evidence of psychosis or dyskinesia, and no new gross psychopathological manifestations of her mental limitations. (Id.).

In light of the foregoing, the Court finds the ALJ properly discounted Dr. Walls' opinions because they were not consistent with her own records nor the record as a whole.

### 3. Whether the state agency physicians' opinions are consistent with the ALJ's RFC findings.

Plaintiff argues the ALJ erred by failing to state the weight provided to the medical opinions of Drs. Alvarez-Mullin and Sandrik, two non-examining physicians who reviewed the evidence regarding Plaintiff's mental impairments. (Doc. 12, pp. 19-23). Additionally, Plaintiff contends the ALJ's decision is not supported by substantial evidence because of his mistaken description of Dr. Morford's review of Plaintiff's medical records as an "examination." (Doc. 12, pp. 16-17). In response, the Commissioner contends that although the ALJ did not address the opinions of Drs. Alvarez-Mullin and Sandrik, the oversight was harmless. (Doc. 14, pp. 17-22). The Commissioner further argues that the ALJ's mistaken description of Dr. Morford's review of Plaintiff's medical records was also harmless. (Id.).

Upon thorough review of the record, the Court finds the opinions of Drs. Alvarez-Mullin and Sandrik regarding Plaintiff's mental condition do not establish that Plaintiff was unable to perform a restricted range of light work. Although Drs. Alvarez-Mullin and Sandrik indicated in the Mental Residual Functional Capacity Assessment that Plaintiff was "moderately limited" in her ability to perform various mental activities, those opinions do not represent an assessment of Plaintiff's RFC. (Tr. 223-24, 271-72). Neither Dr. Alvarez-Mullin nor Dr. Sandrik indicated that Plaintiff had limitations that would prevent her from performing her past relevant work as both doctors concluded

Plaintiff is capable of following simple instructions and can complete simple, routine tasks.[6] (Tr. 35-36, 225, 271). Therefore, the Court finds that the opinions of Drs. Alvarez-Mullin and Sandrik do not conflict with the ALJ's RFC finding or render Plaintiff unable to perform her past relevant work.

Likewise, the Court finds the ALJ's mistaken description of Dr. Morford's review of Plaintiff's medical records as an "examination" was harmless error. The ALJ's disability determination should not be reversed simply because the ALJ misidentified Dr. Morford's review of Plaintiff's medical records as an "examination" when neither Dr. Morford's opinions, nor the ALJ's RFC finding regarding Plaintiff's physical limitations, are disputed here. See (Tr. 17, 287-94).

Accordingly, the Court finds the ALJ's failure to address the opinions of Drs. Alvarez-Mullin and Sandrik and mistaken description of Dr. Morford's review of Plaintiff's medical records was, at most, harmless error. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (holding that remand to have the ALJ specifically discuss the opinions of the state agency medical and psychological consultants that would serve no practical purpose and would not alter the ALJ's decision, would be a waste of judicial and administrative resources).

---

[6] Plaintiff's past relevant work as a housekeeping cleaner requires a Specific Vocational Preparation ("SVP") of 1 and mental reasoning of 1. Dictionary of Occupational Titles (DOT) § 323.687-014. An SVP of 1 and mental reasoning of 1 connotes unskilled work, which requires little or no judgment to do simple duties that can be learned on the job in a short period of time, and commonsense understanding to carry out simple one or two step instructions. DOT App. C, § III; 20 C.F.R. §§ 404.1568(a), 416.968(a).

**IV. CONCLUSION**

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __26th__ day of April, 2011.

                                          *Monte C. Richardson*
                                          MONTE C. RICHARDSON
                                        UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party